UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NATALIE POTTS, *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:13-CV-479 |
| ) | (MATTICE/GUYTON) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of the Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. 13]. For the reasons stated herein the undersigned will **RECOMMEND** that the motion to dismiss be **GRANTED**.

**I.  BACKGROUND**

This case involves Title II disability insurance benefits and Title XVI Supplemental Security Income ("SSI"). On March 13, 2013, the Plaintiff filed for Title II disability insurance benefits and was notified on June 4, 2013, that she qualified. [Doc. 14 at ¶ 1-2]. However, on June 17, 2013, the Plaintiff requested reconsideration, alleging an earlier onset date than that determined by the Social Security Administration ("SSA"). [Id. at ¶2-3]. Upon reconsideration, the SSA determined that the Plaintiff was entitled to disability insurance benefits as of January 21, 2013. [Id. at ¶4]. The Plaintiff was subsequently issued a notice on June 23, 2013,

1

informing her that she would receive disability insurance benefits beginning July 2013, in the monthly amount of $1,307.00, but that her onset date was found to be different from the date she had given on her application. [Id. at ¶5, Doc. 14-4 at 1]. The notice also stated that if she disagreed with the decision, she had 60 days to appeal. [Doc. 14-4 at 3]. The SSA has no record of the Plaintiff appealing the June 23, 2013 decision. [Doc. 14 at ¶9].

On March 15, 2013, the Plaintiff filed for SSI. [Id. at ¶1]. On July 22, 2013, the Plaintiff was notified that she was eligible for SSI also beginning on January 23, 2013. [Id. at ¶6]. However, the Plaintiff was informed that she would only receive SSI from April 2013 through July 2013. [Id.]. The notice explained that the amount of SSI she could receive depended on the amount of her monthly income, and that her monthly income beginning in August 2013 disqualified her from receiving further SSI from that point forward. [Id.]. The basis for disqualification is the result of the Plaintiff receiving Title II disability insurance benefits beginning in August 2013, which constituted unearned income, and thereby placing the Plaintiff above the minimum income allowed in order to receive SSI. [Id. at ¶7-8]. The July 22, 2013 notice likewise stated that if the Plaintiff disagreed with the decision she had 60 days to appeal. [Id.]. SSA has no records indicating that the Plaintiff asked for an appeal. [Id. at ¶9].

On August 7, 2013, the Plaintiff filed a Complaint [Doc. 1] against the SSA, alleging that certain medical records were ignored regarding her "on-set date in effort to avoid payment of back-pay owed to me." In an Amended Complaint [Doc. 4], filed on August 20, 2013, the Plaintiff argues that she is entitled to SSI back pay because she became disabled earlier than the onset date found by the SSA. She also states that she received a letter, presumably the July 22, 2013 notice, informing her that she would not be receiving future SSI payments and asks that the Court overrule the SSA's determination. On October 11, 2013, the Plaintiff filed a Second

2

Amended Complaint [Doc. 9] seeking $5.5 million dollars for "harassment from the Commission of Social Security Administration due to filing this lawsuit for violation of Christian rights as well as back pay." In addition, the Plaintiff states that the SSA withheld $197.00 from her October 2013 payment for her Title II benefits.

The Commissioner's motion to dismiss [Doc. 13] was filed on December 10, 2013, in response to all three of the Plaintiff's Complaints.

## II.    POSITIONS OF THE PARTIES

The Commissioner argues [Docs. 13, 16] that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Commissioner maintains that the Court should dismiss this action because the Plaintiff has failed to exhaust her administrative remedies, and therefore, she has not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. § 406(g). In addition, the Commissioner has construed the Plaintiff's Second Amended Complaint as a tort claim and likewise moves to dismiss the claim for lack of subject matter jurisdiction.

The Plaintiff responded [Doc. 21] that the Commissioner filed her motion to dismiss one day out of time. In addition, the Plaintiff asserts that the Commissioner discussed at length "disability insurance benefits," which is an issue she has not raised, that she would have exhausted her administrative remedies but she could not get the Social Security Office to respond to her first letter, that she has provided dated medical records which confirms an earlier onset date, and that she has not received a response from SSA regarding her harassment claim.

3

## III. ANALYSIS

As an initial matter, the Court agrees with the Plaintiff that the Commissioner filed her motion to dismiss one day late. However, the Court finds that the Plaintiff has not been prejudiced and that the Court would have granted an extension of time had the Commissioner asked. In addition, the Court observes that the Plaintiff filed her Second Amended Complaint without first seeking leave of Court, see Federal Rule of Civil Procedure 15(a)(2), but will likewise extend the same leniency to the Plaintiff as it has to the Commissioner and will accept the filing.

The Court will now address each basis for granting the motion to dismiss in turn.

### A. Lack of Subject Matter Jurisdiction

The Court finds that the Plaintiff has failed to show that this Court has subject matter jurisdiction over her claims because she did not receive a "final decision" in this case.

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted). In pertinent part, 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

This method of review is exclusive:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against

4

> the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

In order for a federal court to review a disability decision, two elements must be satisfied to establish jurisdiction: first, the claimant must have exhausted his or her administrative remedies, and second, the Commissioner must have issued a "final decision." Pohlmeyer v. Sec'y of Health & Human Servs., 939 F.2d 318, 320 (6th Cir. 1991). The exhaustion requirement is met when the claimant: (1) obtains an initial determination; (2) asks for reconsideration of the initial determination; (3) requests a hearing before an administrative law judge ("ALJ"); and (4) requests that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.900(a)(1-4). Only after this process is reached is a "final decision" rendered, thereby opening the door for judicial review by a federal court. § 404.900(a)(5). The regulations warn that if a claimant does not follow through with the next step in the administrative process within the time allotted, "you will lose your right to further administrative review and your right to judicial review." § 404.900(b).

In the present matter, it appears that the Plaintiff is seeking review on her alleged onset date as well as an award of SSI. Contemporaneous with her motion to dismiss, the Commissioner filed a declaration [Doc. 14] by Patricia MacInnis, SSI Program Specialist, which demonstrates that the Plaintiff did not receive a "final decision" in this case in order to appeal her onset date or an award of SSI. The declaration states that on June 17, 2013, the Plaintiff requested reconsideration of the initial favorable decision only on her Title II application and that upon reconsideration the Plaintiff was found disabled as of January 21, 2013. The Plaintiff was issued a notice on June 23, 2013 informing her of her eligibility to receive Title II disability

5

insurance benefits and that SSA had found that she became disabled on a date different than what she alleged. Moreover, the notice stated that if the Plaintiff disagreed with the decision, she had 60 days to ask for an appeal. Ms. MacInnis stated that SSA has no record of the Plaintiff appealing the June 23 decision. Ms. MacInnis also stated that on July 22, 2013, a notice was issued informing the Plaintiff that she was eligible for SSI, but only for the months between April 2013 and July 2013. The notice likewise informed her that she had 60 days to appeal if she disagreed with the decision. Again, Ms. MacInnis stated that the SSA had no record of the Plaintiff appealing the July 22 decision.

Based upon the evidence, the Court finds that the Plaintiff failed to exhaust her administrative remedies. Although the Commissioner may waive the exhaustion requirement, see Willis v. Sullivan, 931 F.2d 390, 396 (6th Cir. 1991) (citation omitted), she did not do so here, and the Court does not find any special circumstances warranting a waiver. Because the Plaintiff has failed to exhaust her administrative remedies, there is no "final decision" in this case, and therefore, the Plaintiff is unable to "obtain a review of such decision by a civil action" under 42 U.S.C. § 405(g). Accordingly, the Court finds that it does not have subject matter jurisdiction in this case and that pursuant to Federal Rule of Civil Procedure 12(b)(1), it will recommend that the Commissioner's motion to dismiss be granted.

**B.     Failure to State a Claim upon Which Relief Can be Granted**

The Commissioner also moves for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the Commissioner's argument is undeveloped as her memorandum in support of her motion to dismiss focuses almost exclusively on the lack of subject matter jurisdiction only. Nonetheless, because the Court does not have subject matter jurisdiction over this action, the Court finds that it is unnecessary to consider

6

dismissal for failure to state a claim under Rule 12(b)(6).

**C.     Federal Tort Claim**

Lastly, with regard to the Plaintiff's possible tort claim, the Court finds that it likewise lacks jurisdiction to adjudicate this claim.

In pertinent part, the Federal Tort Claims Act provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

In this case, the Commissioner also submitted a declaration [Doc. 15] by Mark S. Ledford, Director of the Fiscal Law Division, who states that he has searched the SSA's Federal Tort Claims Act records and has found no tort claims filed by the Plaintiff. Thus, the Plaintiff has not demonstrated that she has exhausted agency review prior to bringing what appears to be a tort claim to this Court. Without agency review, the Court lacks subject matter jurisdiction, and accordingly, the Court will recommend that the Commissioner's motion to dismiss be granted on this basis as well.

7

Case 3:13-cv-00479-HSM-HBG   Document 23   Filed 05/01/14   Page 7 of 8   PageID #: 149

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the District Judge **GRANT** the Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [**Doc. 13**].

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).